WILLIAMS, J.
—The trial court erred in taking the case from the jury and dismissing the complaint. The question of the defendant’s negligence should have been submitted to the jury. Ifc is not necessary to determine whether the coal hole in the sidewalk was a nuisance, so as to render defendant liable for any damages resulting from its maintenance, regardless of the question of negligence. It is evident that no accident would have occurred, in the absence of negligence in keeping the cover properly secured. No one would have fallen into the hole, so long as the cover was kept in its pi ape by' the appliances provided for that purpose. The case may, therefore, be treated purely as one of negligence, and in this view the question of the defendant’s negligence was clearly for the jury. If the cover was unsecured and out of its place, and the plaintiff fell into the hole, as she testified she did, then, certainly, the defendant may be charged with negligence. It was his duty to keep the cover safely secured in its place, and. if, through his own carelessness, or that of his agents or servants, it was left unsecured, and the hole unprotected, then he was guilty of negligence. The appliances for securing the cover were below the walk, in the premises of the’defendant ; and the inference might well have been drawn by the jury that the condition of the hole and cover at the time of the accident was due to the act or neglect of the defendant, or his agents or servants. Whether the hole was uncovered, and the plaintiff fell into ifc, as she testified on the trial, was a disputed question of fact,' and should have been submitted to the jury. If the jury credited the plaintiff’s evidence, the inference might well have been drawn -that the defendant was guilty of negligence, which caused the accident and injury to the plaintiff.
The judgment should be reversed, and a new trial ordered; costs to the appellant to abide the event.
All concur.